UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV-P634-H

**JAMES CALVIN RODGERS FERGUSON**                                                               **PLAINTIFF**

v.

**LOUISVILLE METRO POLICE** *et al.*                                                               **DEFENDANTS**

**MEMORANDUM OPINION**

On December 5, 2008, Plaintiff James Calvin Rodgers Ferguson filed a *pro se* civil action pursuant to 42 U.S.C. § 1983, against the Louisville Metro Police, Louisville Department of Corrections, Louisville Sheriff's Department, and the "Public Defenders Advocacy." He alleges that he was "harassed, wrongly jailed, assaulted, and misrepersented by attorney's since 2 - 2007 – 6-9-2008." He indicates that he is homeless and lists his address as "City at Large."

Upon filing the instant action, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(d) ("All pro se litigants must provide written notice of a change of address to the clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Five months have passed since Plaintiff filed his complaint, and Plaintiff has not provided any address to the Court, whether it be that of a homeless shelter or a friend. The record is further devoid of any indication that Plaintiff has made any contact with the Court since the filing of the complaint. At the very least, Plaintiff should have checked on the status of his action *in writing* at least once a month. Without an address or regular written communication with the Court, neither notices from this Court nor filings by Defendants can be served on Plaintiff. In such situations, courts have an inherent power "acting on their own initiative to clear their calendars of cases that have

remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

  Because it appears to this Court that Plaintiff has abandoned any interest in prosecuting this case, the Court will dismiss the case by separate Order. Should Plaintiff file an action in this Court in the future, he must provide an address where he may be contacted or inquire on the status of his action in writing on at least a monthly basis.

Date:

4412.005